**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.:**

MATTHEW TREFF,

       Plaintiff,

v.

UNITED RECOVERY SYSTEMS, LP., a Texas limited partnership,

       Defendant.

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.      This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.      Venue is proper in this Judicial District.

4.      The acts and transactions alleged herein occurred in this Judicial District.

5.      The Plaintiff resides in this Judicial District.

6.      The Defendant transacts business in this Judicial District.

### PARTIES

7.      Plaintiff, Matthew Treff, is a natural person.

8.     The Plaintiff resides in the City of Colorado Springs, County of El Paso, State of Colorado.

9.     The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.    Defendant, United Recovery Systems, LP., is a Texas limited partnership operating from an address at 5800 North Course Drive, Houston, Texas 77072.

11.    The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado 80202.

12.    The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.    The Defendant is licensed as a collection agency by the state of Colorado.

14.    The principal purpose of the Defendant is the collection of debts using the mails and telephone.

15.    The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

16.    Sometime before 2009 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to Capital One Bank (USA), N.A. (hereinafter the "Account").

17.    The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18.    The Account went into default with the original creditor.

19.    Sometime after the Account went into default the Account was placed or otherwise transferred to the Defendant for collection (Defendant's account number 14045423).

20.     The Plaintiff disputes the Account.

21.     The Plaintiff requests that the Defendant cease all communication on the Account.

22.     In the year prior to the filing of the instant action the Plaintiff received telephone call(s) and voicemail messages from the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant who were attempting to collect the Account.

23.     In the year prior to the filing of the instant action the Plaintiff called the Defendant in response to the telephone call(s) and voicemail messages.

24.     The telephone call(s) and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

25.     The Defendant's purpose for these telephone call(s) and voicemail messages was to attempt to collect the Account.

26.     The telephone call(s) and voicemail messages conveyed information regarding the Account directly or indirectly to the Plaintiff.

27.     The telephone call(s) and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

28.     The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

29.     The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

30.     The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

31.     The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant left voicemail messages for the Plaintiff was to attempt to collect the Account.

32.     In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account left voicemail messages for the Plaintiff on the Plaintiff's telephone answering system that did not contain the information required by FDCPA 1692d(6) and 1692e(11).

33.     On or about March 2010 the Defendant and / or a representative, employee and / or agent of the Defendant, Desiree, called the Plaintiff and left a voicemail message for the Plaintiff.

34.     The voicemail message stated: "This message is for Matthew Treff. Matthew, this is Desiree with URS. Please return my call at 888-593-8401. Direct Extension is 2202. Please return my call."

35.     1-888-593-8401 is one of the Defendant's telephone numbers.

36. 14045423 is the Defendant's account number or reference number for the Account.

37. The voicemail message was an attempt to collect the Account.

38. The voicemail message conveyed information regarding the Account directly or indirectly to the Plaintiff.

39. The voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

40. The voicemail message does not state that the communication is from a debt collector.

41. FDCPA 1692e(11) requires the disclosure that the communication is from a debt collector be included in the voicemail message.

42. The voicemail message does not meaningfully disclose the caller's identity.

43. Desiree did not state that she was calling from United Recovery Systems, LP during the voicemail message.

44. FDCPA 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

45. FDCPA 1692d(6) states: "Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity."

46. Desiree, the representative, employee and / or agent of the Defendant was not acquiring location information on the Plaintiff during this voicemail message.

47.   Desiree left this voicemail message for the Plaintiff.

48.   Desiree did not leave this voicemail message for a person other than the Plaintiff.

49.   Desiree was an employee of the Defendant at the time this message was left for the Plaintiff.

50.   Desiree was an agent for the Defendant at the time this voicemail message was left for the Plaintiff.

51.   Desiree was acting within the course of her employment with the Defendant at the time this voicemail message was left for the Plaintiff.

52.   Desiree was acting within the scope of her employment with the Defendant at the time this voicemail message was left for the Plaintiff.

53.   Desiree was under the direct supervision of the Defendant at the time this voicemail message was left for the Plaintiff.

54.   Desiree was under the control of the Defendant at the time this voicemail message was left for the Plaintiff.

55.   Desiree's actions in leaving this voicemail message for the Plaintiff are imputed to her employer, the Defendant.

56.   The recording device used by the Defendant was capable of taping the voicemail message.

57.   The operator of the recording device at the Defendant was competent to operate it.

58.   The recording device used by Plaintiff was capable of taping the voicemail message.

59.     The operator of the recording device used by the Plaintiff was competent to operate it.

60.     The recording of the voicemail message is authentic and correct.

61.     Changes, additions, or deletions have not been made to the voicemail message.

62.     The voicemail message recording has been preserved in a manner that will be shown to the Court.

63.     The speaker in the voicemail message has been identified as Desiree, an employee of the Defendant.

64.     The voicemail message was made voluntarily without any kind of inducement.

65.     The voicemail message will be authenticated by the testimony of the Defendant, the Plaintiff and Desiree.

66.     The voicemail message is a business record of the Defendant.

67.     The Defendant has a copy of this voicemail message.

68.     The Defendant kept written documentation and / or computer note(s) that document that a message was left for the Plaintiff on the Account on or about March 2010.

69.     On or about March 2010 the Defendant and / or a representative, employee and / or agent of the Defendant, Desiree, called the Plaintiff and left a voicemail message for the Plaintiff.

70.     The voicemail message stated: "This message is for Matthew Treff. Matthew, this is Desiree with URS. You need to return my call at 888-593-8401. My direct Extension is 2202."

71.     1-888-593-8401 is one of the Defendant's telephone numbers.

72.     The voicemail message was an attempt to collect the Account.

73.     The voicemail message conveyed information regarding the Account directly or indirectly to the Plaintiff.

74.     The voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

75.     The voicemail message does not state that the communication is from a debt collector.

76.     FDCPA 1692e(11) requires the disclosure that the communication is from a debt collector be included in the voicemail message.

77.     The voicemail message does not meaningfully disclose the caller's identity.

78.     Desiree did not state that she was calling from United Recovery Systems, LP during the voicemail message.

79.     FDCPA 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

80.     FDCPA 1692d(6) states: "Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity."

81.     Desiree, the representative, employee and / or agent of the Defendant was not acquiring location information on the Plaintiff during this voicemail message.

82.     Desiree left this voicemail message for the Plaintiff.

83.   Desiree did not leave this voicemail message for a person other than the Plaintiff.

84.   Desiree was an employee of the Defendant at the time this message was left for the Plaintiff.

85.   Desiree was an agent for the Defendant at the time this voicemail message was left for the Plaintiff.

86.   Desiree was acting within the course of her employment with the Defendant at the time this voicemail message was left for the Plaintiff.

87.   Desiree was acting within the scope of her employment with the Defendant at the time this voicemail message was left for the Plaintiff.

88.   Desiree was under the direct supervision of the Defendant at the time this voicemail message was left for the Plaintiff.

89.   Desiree was under the control of the Defendant at the time this voicemail message was left for the Plaintiff.

90.   Desiree's actions in leaving this voicemail message for the Plaintiff are imputed to her employer, the Defendant.

91.   The recording device used by the Defendant was capable of taping the voicemail message.

92.   The operator of the recording device at the Defendant was competent to operate it.

93.   The recording device used by Plaintiff was capable of taping the voicemail message.

94.   The operator of the recording device used by the Plaintiff was competent to operate it.

95.   The recording of the voicemail message is authentic and correct.

96.   Changes, additions, or deletions have not been made to the voicemail message.

97.   The voicemail message recording has been preserved in a manner that will be shown to the Court.

98.   The speaker in the voicemail message has been identified as Desiree, an employee of the Defendant.

99.   The voicemail message was made voluntarily without any kind of inducement.

100.  The voicemail message will be authenticated by the testimony of the Defendant, the Plaintiff and Desiree.

101.  The voicemail message is a business record of the Defendant.

102.  The Defendant has a copy of this voicemail message.

103.  The Defendant kept written documentation and / or computer note(s) that document that a message was left for the Plaintiff on the Account on or about March 2010.

104.  In the year prior to the filing of the instant action the Defendant and / or a representative, employee and / or agent of the Defendant attempting to collect the Account represented to the Plaintiff that legal action would be taken against in his county on the Account.

105.  The representation stated in paragraph 104 was false and was a false representation in connection with the collection of a debt, the Account.

106.   The Defendant did not have the authority to take legal action against the Plaintiff at the times that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff.

107.   The Defendant did not intend to take legal action against the Plaintiff at the times that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff.

108.   During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that paying the Account is the only way to get the Account off of his credit bureau reports.

109.   The representation stated in paragraph 108 was false and was a false representation in connection with the collection of a debt, the Account.

110.   During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that paying the Account would be reported to the credit bureaus for 7 to 10 years from the date of last activity.

111.   The representation stated in paragraph 110 was false and was a false representation in connection with the collection of a debt, the Account.

112.   During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that he had to have a reason to dispute the Account.

113. The representation stated in paragraph 112 was false and was a false representation in connection with the collection of a debt, the Account.

114. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that he had to pay off the Account to stop the calls from the Defendant on the Account.

115. The representation stated in paragraph 114 was false and was a false representation in connection with the collection of a debt, the Account.

116. The statements and actions were undertaken by the Defendant and its representative(s), employee(s) and / or agent(s) as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

117. The Defendant and its representative(s), employee(s) and / or agent(s) statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface, d(2) and d(6).

118. The Defendant and its representative(s), employee(s) and / or agent(s) statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(3), e(5), e(7), e(8), e(10) and e(11).

119. The Defendant and its representative(s), employee(s) and / or agent(s) statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

120.   The Defendant's statements and actions as well as that of its representative(s), employee(s) and / or agent(s) were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

121.   The Defendant's statements and actions as well as that of its representative(s), employee(s) and / or agent(s) were willful and intentional violations of the FDCPA.

122.   As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

## RESPONDEAT SUPERIOR

123.   The representative(s) and / or collector(s) at the Defendant were employees of and agents for the Defendant at all times mentioned herein.

124.   The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

125.   The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

126.   The representative(s) and / or collector(s) at the Defendant were under the direct supervision and control of the Defendant at all times mentioned herein.

127.   The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

128.   As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

129.    The previous paragraphs are incorporated into this Count as if set forth in full.

130.    The acts and omissions of the Defendant and its representative(s), employee(s)

and / or agent(s) constitute numerous and multiple violations of the FDCPA,

including but not limited to § 1692d preface, d(2), d(6), § 1692e preface, e(2)(A),

e(3), e(5), e(7), e(8), e(10), e(11) and § 1692f preface.

131.    The Defendant's violations are multiple, willful and intentional.

132.    Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages,

statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.    Actual damages under 15 U.S.C. § 1692k(a)(1).

2.    Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3.    Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

 s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff